Mr. Clay Whaley, Chairman Arkansas Fire Training Academy Board P.O. Box 3499 Camden, AR 71701
Dear Mr. Whaley:
This is in response to your request for an opinion concerning a member's continuance on the Arkansas Fire Training Academy Board following excessive absences. Your question is stated as follows:
 During the past year attendance at the regular quarterly meetings has been low. There has not been a quorum at the past three meetings.
Would you write us an opinion as to whether there are any laws that apply to the issue of continuance on this board after excessive absence from meetings. We need to know if failing to attend a certain number of meetings is grounds for replacement of the board members who are absent.
The organization of the Arkansas Fire Training Academy Board ("Board") is set forth under A.C.A. 12-13-202. The fifteen members are to be appointed by the Governor and confirmed by the Senate. A.C.A. 12-13-202(a). Members are appointed for five-year terms, and the board must meet at least quarterly. A.C.A.12-13-202(c) and (e). The Board has the authority and responsibility to advise the Chancellor at Southern Arkansas University, Southwest Technical Branch (SAU-Tech),[1] on service needs, curriculum, instructional content, and problems at the academy. A.C.A. 12-13-203.
The procedures outlined under A.C.A. 25-16-804 with regard to the removal and replacement of board and commission members are thus applicable in connection with the Fire Training Academy Board. Subsection (b)(1) of 25-16-804 states in pertinent part:
The Governor may remove, for good cause, a state board or commission member whose office or position is filled by gubernatorial appointment, subject to confirmation by the Senate.
"Good cause" is defined under 25-16-804(a)(1) as including:
(A) Conduct constituting a criminal offense involving moral turpitude;
(B) Gross dereliction of duty; or
(C) Gross abuse of authority.
"Good cause" does not include "any vote, decision, opinion, or other regularly performed or otherwise reasonably exercised power of a board or commission member." A.C.A. 25-16-804(a)(2).
Removal authority with respect to these Board members is thus vested in the Governor, subject to Senate confirmation. A.C.A.25-16-804(b)(1). The Governor has the burden of proof, under25-16-804(e)(2), to show "by clear and convincing evidence" that there was good cause for the Board member's removal.[2] While it is my opinion that failure to attend Board meetings may form the basis for a "good cause" determination, all of the particular facts and circumstances would have to be considered, particularly in light of the stringent "clear and convincing" burden of proof. Other evidence of a member's participation in the Board's duties and responsibilities would be relevant. Any decision in this regard rests with the Governor and the Senate, and ultimately with the courts since there is provision for de novo review in circuit court and appeal to the Arkansas Supreme Court. A.C.A.25-16-804(d) and (f).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] SAU-Tech is the site of the Academy. A.C.A. 12-13-201.
[2] This burden of proof applies in a circuit court action where a board member has instituted proceedings for reviewing his removal. A.C.A. 25-16-804(d) (e).